BRYANT, Judge, dissenting.
The majority opinion reverses and remands the trial court's order on summary judgment, determining that there existed a genuine issue of material fact regarding whether Sellers breached their duty of good faith and fair dealing when they "negotiated for the termination of the Listing Agreement." Because I do not see evidence in the record to indicate a *487 genuine issue of material fact, i.e., that Sellers violated their duty of good faith and fair dealing, especially where Agent herself represented that she no longer had an agreement with Sellers, I respectfully dissent.
I disagree with the majority that the facts are at issue. All parties agree on the facts and the basic timeline of the relevant events. Therefore, our obligation on appeal is to review de novo whether the trial court erred as a matter of law in granting summary judgment. See In re Will of Jones, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008).
In order to reverse the trial court as the majority would do, there has to be evidence to indicate Sellers intended to deceive or conceal material facts from Agent. See In re Estate of Loftin, 285 N.C. 717, 722, 208 S.E.2d 670, 674 (1974) (citations omitted) (holding that in order to obtain relief from a contract on the ground that it was procured by fraud, a party must show false representation of a past or subsisting material fact, made with fraudulent intent and with knowledge of its falsity, which representation was relied upon when the party executed the instrument); see also Hester v. Hubert Vester Ford, Inc., --- N.C.App. ----, ----, 767 S.E.2d 129, 136 (2015) (holding that where plaintiff presented evidence that defendant intentionally made false representations which induced plaintiff to sign a contract, plaintiff's claim for fraud should survive summary judgment). However, Agent can point *410 to nothing that would indicate such. Rather, Agent, in her deposition and brief, is able to offer only vague equivocations as to Sellers' alleged intent to fraudulently conceal from plaintiff the existence of the 9 May offer which resulted in the contract executed 11 May 2013. In fact, in ruling on summary judgment as to Agent's claims for breach of contract, fraud, or unjust enrichment, the trial court particularly noted that, in addition to the records and arguments of counsel, it reviewed the deposition of "Plaintiff Colleen Blondell," before determining that defendants were entitled to judgment as a matter of law.
Agent's vague allegations in her complaint and in her deposition fail to establish a factual basis for her claims and are insufficient to give rise to an inference of Sellers' intent to deceive plaintiff. Agent's allegations fail especially where Sellers did not initiate contact with Buyers as Sellers did not know the identity of the party who made the previous offer through Agent until Buyers sent their letter dated 25 April 2013. Indeed, the fact that earlier that same day, on 25 April 2013, Agent emailed Buyers stating that she no longer worked with Sellers, cuts decidedly against Agent's argument and the majority opinion, that Agent and Sellers' Listing Agreement was still valid.
*488 In Jaudon v. Swink, 51 N.C.App. 433, 276 S.E.2d 511 (1981), upon which the majority opinion relies, this Court found that because the seller of the real estate in question was present when the realtor brought the buyer to the home, it could be inferred that the seller knew the identity of the buyer. Id. at 436, 276 S.E.2d at 513.
Here, Sellers first came to know the identity of Buyers as a result of Buyers' 25 April 2013 letter to Sellers; the parties never met in person until 30 April 2013. Despite the fact that both the seller in Jaudon and Sellers here executed contracts to sell their respective properties the day after their listing agreements with their realtors terminated (in Jaudon the agreement and termination were both oral), id. at 433-34, 276 S.E.2d at 512, the facts in the instant case make clear that the termination of the Listing Agreement was instigated by Agent on 22 April 2013, over two weeks before Sellers executed a contract to sell their home with Buyers on 10 May 2013, regardless of when Agent ultimately signed the Termination Agreement. Indeed, Sellers promptly returned the signed Termination Agreement on 23 April 2013, which then remained in Agent's possession, unsigned for seventeen days. The majority characterizes this transaction-Sellers' signing of the Termination Agreement on 23 April 2013-as an offer by Sellers to terminate the Listing Agreement, which offer was not accepted until signed by Agent on 10 May 2013. I disagree with this characterization.
Nevertheless, even assuming Agent and Sellers' obligations towards one another were terminated at the latest on 10 May 2013, as Agent cannot point to any evidence in the record that would give rise to an inference of fraud or misrepresentation to survive a motion for summary judgment, I would affirm the trial court's entry of summary judgment in favor of Sellers.